UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MR. BAR-B-Q-, INC., | : | Civil Action No. CV11-4395 |
| Plaintiff, | : | **AMENDED COMPLAINT** |
| - against – | : | Demand for Jury Trial |
| BRISTOL HOLDING, INC., BRISTOL HOLDINGS USA, INC., JILLIANDISTRIBUTORS, LLC, and THE B&F SYSTEM, INC. | : | |
| Defendants, | : | |

Plaintiff Mr. Bar-B-Q-, Inc. ("Mr. Bar-B-Q" or "Plaintiff"), by its attorneys Decker, Decker, Dito & Internicola, LLP, for its Amended Complaint, alleges as follows:

### NATURE OF ACTION

1.      This Complaint sets forth claims under the Lanham Act, 15. U.S.C. §1051, *et seq.* (the "Lanham Act") and related federal and state claims.

### JURISDICTION AND VENUE

2.      This action arises under the trademark laws of the United States of America, Title 15 of the United States Code for, among other things, infringement of a registered trademark pursuant to 15 U.S.C. §1114, *et. seq.*  Further, this is a claim for unfair competition under 15 U.S.C. §1125(a) and this is a claim for dilution of trademark under 15 U.S.C. § 1125(c).

3.      This Court has jurisdiction over the action pursuant to 28 U.S.C. §1338 and has pendent and/or supplemental jurisdiction over the state law causes of action.

4.      Venue is predicated upon 28 U.S.C. §1391.

1

## THE PARTIES

5.    Plaintiff is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 445 Winding Road, Old Bethpage, New York.

6.    At all times herein, Plaintiff was and is engaged in the business of national and international importation and distribution of high quality cooking and grilling tools and accessories to the restaurant and catering industry.

7.    Upon information and belief, defendant Bristol Holding, Inc. (hereinafter "Bristol Holding") is a corporation organized and existing under the laws of the State of Missouri with a registered agent at 21 Hillvale Drive, St. Louis, Missouri and a principal place of business located at 6347 Robin Cove, Bradenton, Florida.

8.    Upon information and belief, defendant Bristol Holdings USA, Inc. (hereinafter "Bristol Holdings USA") is a corporation organized and existing under the laws of the State of Florida with a principal place of business located at 6347 Robin Cove, Bradenton, Florida.

9.    Upon information and belief, defendant JILLIANDISTRIBUTORS, LLC (hereinafter "JillianDistributors LLC") is a limited liability company organized and existing under the laws of the State of Florida with a principal place of business located at 4501 Manatee Avenue W. Bradenton, FL 34209.

10.    Upon information and belief, defendant The B&F System, Inc. (hereinafter "B&F") is a corporation organized and existing under the laws of the State of Texas with a principal place of business located at 3920 S. Walton Walker Blvd., Dallas, Texas 75236.

11.    Defendants Bristol Holding, Bristol Holdings USA and JillianDistributors LLC are hereinafter collectively referred to as the "Bristol Defendants."

2

12.     Defendants Bristol Holding, Bristol Holdings USA, JillianDistributors LLC and B&F are hereinafter collectively referred to as the "Defendants."

## PLAINTIFF AND THE CHEFMASTER MARK

13.     For over twenty years, Plaintiff has and continues to utilize and extensively – throughout the United States - market and advertise the "CHEFMASTER" trade name and the "CHEFMASTER" trademark to consumers in connection with the promotion, marketing, sale and distribution of, among other things, cooking and grilling tools and accessories such as grill brushes, grilling grids, grilling grates, grilling baskets, grilling racks, grill toppers and grill scrapers.

14.     Plaintiff adopted the mark "CHEFMASTER" in or about 2002 and has continuously used it in interstate commerce throughout the entire United States in connection with grilling products, tools and equipment.

15.     On or about September 26, 1996, Plaintiff filed an application for the registration of the "CHEF MASTER" mark in the United States Trademark and Patent Office.  On or about August 29, 2006, said mark was registered by the United States Patent and Trademark Office under Registration Number 2252308 (hereinafter the "First Registered CHEFMASTER Mark").

16.     On or about July 12, 2004, Plaintiff filed a Combined Declaration of Use and Incontestability Under Sections 8 and 15 of the Trademark Act with the United States Trademark and Patent Office (hereinafter the "Combined Declaration").  On or about July 21, 2006 the United States Trademark and Patent Office accepted and acknowledged Plaintiff's Combined Declaration.

17.     The United States Patent and Trademark Office's acceptance and acknowledgement of Plaintiff's Combined Declaration is conclusive evidence of the validity of

3

Plaintiff's First Registered CHEFMASTER mark, of the registration of the First Registered CHEFMASTER Mark, of the Plaintiff's ownership of the First Registered CHEFMASTER Mark and of the Plaintiff's exclusive right to use the First Registered CHEFMASTER Mark with good and services.  The First Registered CHEFMASTER Mark is now in full force and effect, unrevoked and un-cancelled, and is owned in its entirety by Plaintiff.

18.     On or about April 4, 2002, Plaintiff filed an application for the registration of the "CHEF MASTER" mark in the United States Trademark and Patent Office.  On or about August 29, 2006, said mark was registered by the United States Patent and Trademark Office under Registration Number 3136136 (hereinafter the "Second Registered CHEFMASTER Mark").  Said registration is now in full force and effect, unrevoked and un-cancelled, and is owned in its entirety by Plaintiff.

19.     The Plaintiff's CHEFMASTER Marks maintained under United States Patent and Trademark Office Registration Numbers 2252308 and 3136136 are hereinafter collectively referred to as the "CHEFMASTER Trademarks."  Reference to the CHEFMASTER Trademarks also includes Plaintiff's common law interests and rights.

20.     In accordance with the foregoing registrations, Plaintiff's CHEFMASTER Trademarks are accompanied by the letter "R" enclosed within a circle.

21.     Cooking and grilling products branded with the CHEFMASTER Trademarks and CHEFMASTER trade name have enjoyed tremendous success for over twenty years.

22.     At all relevant times Plaintiff adopted the CHEFMASTER Trademarks and has continuously used them in interstate commerce in connection with various food service products and equipment.

23.     As a result of Plaintiff's extensive advertising and marketing, and the excellence of its various cooking and grilling products, Plaintiff has established and now enjoys valuable good will in its business as represented by the CHEFMASTER Trademarks and CHEFMASTER trade name.

24.     For the past five years alone, Plaintiff has incurred expenses, in aggregate, in excess of One Million ($1,000,000.00) Dollars in advertising, promoting and developing Plaintiff's various grilling products under its trademarks and trade name.  Moreover, Plaintiff's grilling products and equipment are offered to consumers throughout the United States as well as Canada, South America and China, and have acquired an international following.

25.     Continuously since 1991 the Plaintiff has used the CHEFMASTER Trademarks and CHEFMASTER trade name to identify its various food service supplies and equipment, and to distinguish its food service supplies and equipment from those offered by others by, among other things, advertising Plaintiff's various products under the CHEFMASTER Trademarks and CHEFMASTER trade name and by prominently displaying the CHEFMASTER Trademarks on product packaging, letterheads, invoices, internet based advertisements and print advertisements.

26.     Upon information and belief, Plaintiff's use of the CHEFMASTER Trademarks predates the infringing uses herein below described.

27.     As a result of the foregoing and the revenue generated by its various food service equipment and the CHEFMASTER Trademarks, and the widespread use of Plaintiff's CHEFMASTER branded products by, among others, the restaurant and catering industry, such products and equipment have come to be, and are now, well and favorably known to the public under the CHEFMASTER Trademarks and CHEFMASTER trade name, individually and collectively.

## THE DEFENDANTS AND THE INFRINGING CHEFMASTER LABELED PRODUCTS

28.     Upon information and belief, the Bristol Defendants are, collectively, a national internet retailer and distributor of various products, including cooking and grilling accessories for home and restaurant use.

29.     Upon information and belief, the Bristol Defendants' internet retail and distribution activities are national and include the distribution and sale of product to and within the State of New York.

30.     Upon information and belief, B&F is a national internet wholesale retailer and distributor of various products, including cooking and grilling accessories for home and restaurant use.

31.     Upon information and belief, B&F's wholesale internet retail and distribution activities are national and include the distribution and sale of products to and within the State of New York.

32.     Upon information and belief – unknown to the Plaintiff – the Bristol Defendants have been utilizing, marketing, advertising, distributing and selling products that infringe on the CHEFMASTER Trademarks and CHEFMASTER trade name.

33.     Upon information and belief, the Bristol Defendants, by utilizing, marketing, advertising, distributing and selling the following products, unlawfully traded upon and infringed the CHEFMASTER Trademarks and CHEFMASTER trade name:

| ITEM NUMBER | ITEM DESCRIPTION |
|---|---|
| KTBQ132 | Chefmaster" 13pc Barbeque Set |
| KTBQ19 | Chefmaster" 19pc Barbeque Set |
| KTBQ192 | Chefmaster" 19pc Barbeque Tool Set |
| KTBQSC19 | Chefmaster" 19pc Barbeque Tool Set |
| KTBQTR20 | Chefmaster" 20pc Barbeque Tool Set |
| KTBL7 | Chefmaster" 7pc Barbeque Tool Set |
| KTBQ15 | Chefmaster" 15pc Stainless Steel Barbeque Set |

6

| KTBQ7 | Chefmaster" 8pc Barbeque Set in Carrying Case |
| KTBQCAMO | Chefmaster" 5pc Deluxe Camo Barbeque Set |
| KTBQSL3 | Chefmaster" 2pc Switch Blade Barbeque Tool Set |
| KTBQSS18 | Chefmaster" 19pc All Stainless Steel Barbeque Set |
| KTBQSS22 | Chefmaster" 22pc Stainless Steel Barbeque Set |

34.     The foregoing products are hereinafter referred to as the "Bristol Infringing Products."

35.     Upon information and belief, the Bristol Infringing Products are nationally distributed and sold over the internet by the Bristol Defendants on websites, which include www.jilliandistributors.com.

36.     Upon information and belief, the Bristol Defendants conduct national distribution and sale business over the internet.

37.     Upon information and belief – unknown to the Plaintiff – B&F has been utilizing, marketing, advertising, distributing and selling products that infringe on the CHEFMASTER Trademarks and CHEFMASTER trade name.

38.     Upon information and belief, B&F, by utilizing, marketing, advertising, distributing and selling the following products, unlawfully traded upon and infringed the CHEFMASTER Trademarks and CHEFMASTER trade name:

| Chefmaster 13pc Barbeque Set |
| Chefmaster 15pc Stainless Steel Barbeque Set |
| Chefmaster 19pc Barbeque Set |
| Chefmaster 19pc Barbeque Tool Set |
| Chefmaster 19pc Stainless Steel Barbeque Tool Set |
| Chefmaster 20pc Stainless Steel BBQ Tool Set |
| Chefmaster 8pc Barbeque Set in Carrying Case |
| Chefmaster 19pc Barbeque Tool set |
| Chefmaster 3pc Stainless Steel Barbeque Tool Set |
| Chefmaster 2pc Switch Barbeque Tool Set |
| Chefmaster 19pc All Stainless Barbeque Set |

7

| |
|---|
| Chefmaster 22pc Stainless Steel Barbeque Set |
| Chefmaster 3pc Stainless Steel Barbeque Tool Set |
| Chefmaster 31pc Stainless Steel Barbeque Tool Set |
| Chefmaster 4pc Stainless Steel Barbeque Tool Set |
| Chefmaster 8pc Stainless Steel Barbeque Tool Set |
| Chefmaster 20pc Barbeque Tool Set |

39.    The foregoing products are hereinafter referred to as the "B&F Infringing Products."

40.    Upon information and belief, the B&F Infringing Products are nationally distributed and sold wholesale over the internet by B&F on websites, which include www.bnfusa.com.

41.    Upon information and belief, B&F conducts national wholesale and distribution business over the internet.

42.    Upon information and belief, B&F caused the Bristol Infringing Products to be sold wholesale, distributed and delivered to the Bristol Defendants.

43.    In or about January, 2011, the Bristol Defendants caused certain of the Bristol Infringing Products to be distributed, sold and delivered to Brooklyn, New York.

44.    Upon information and belief, since the Bristol Defendants began utilizing, marketing, advertising, distributing and selling the Bristol Infringing Products, the Bristol Defendants have enjoyed great success and profitability in connection with their utilization, marketing, advertisement, distribution and sale of the Bristol Infringing Products.

45.    Upon information and belief, since B&F began utilizing, marketing, advertising, distributing and selling the B&F Infringing Products, B&F has enjoyed great success and profitability in connection with their utilization, marketing, advertisement, distribution and sale of the B&F Infringing Products.

46.    Upon information and belief, the Bristol Defendants sought to profit from the

8

good will and reputation associated with the CHEFMASTER Trademarks and CHEFMASTER trade name earned by the Plaintiff.

47.    Upon information and belief, B&F sought to profit from the good will and reputation associated with the CHEFMASTER Trademarks and CHEFMASTER trade name earned by the Plaintiff.

48.    The foregoing acts of infringement by the Defendants of the CHEFMASTER Trademarks and CHEFMASTER trade name have been and are willful, wanton and deliberate.

49.    The foregoing use of the CHEFMASTER mark in the promotion, marketing and sale of the Defendants' products has induced, and is likely to induce, the public to use and recommend the Defendants' products when instead they intend to use and recommend the Plaintiff's products.  Such deception and mistake has and will continue to cause great damage to Plaintiff and to erode the good will that Plaintiff has developed.

50.    Upon information and belief, the Defendants fully intended to steal the appearance, goodwill and reputation of the CHEFMASTER Trademarks and CHEFMASTER trade name by imitating the appearance of the CHEFMASTER Trademarks and CHEFMASTER trade name on the packaging of the Infringing Products and by using the CHEFMASTER trade name to identify the Bristol Infringing Products and the B&F Infringing Products.

51.    The Defendants are unfairly trading upon and appropriating the reputation and good will of Plaintiff as represented by the CHEFMASTER Trademarks and CHEFMASTER trade name and they are thereby deceiving the public.

52.    Said actions are done with the intent of confusing the public.

53.    The Defendants have infringed and continue to infringe the CHEFMASTER Trademarks and CHEFMASTER trade name and will continue to do so unless the Defendants

9

are enjoined by this Court.

54.    On or about February 17, 2011, Plaintiff caused a letter to be sent to the Bristol Defendants demanding, *inter alia,* that they immediately cease and desist from any and all use of the CHEFMASTER Trademarks and CHEFMASTER trade name, as well as any other trademarks or trade dress which is confusingly similar thereto.

## COUNT I

(Trademark Infringement – Federal)

55.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "54" above, as if more particularly set forth at length herein.

56.    The Bristol Defendants' acts respecting the CHEFMASTER Trademarks and CHEFMASTER trade name have been committed for the unlawful purpose of obtaining the benefit of the good will and well-established reputation of Plaintiff and its products.

57.    Said acts constitute a willful infringement of Plaintiff's CHEFMASTER Trademarks and United States Registration Nos. 2252308 and 3136136 pertaining thereto in violation of the Lanham Act, 15 U.S.C. §1114.

58.    The harm to Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

59.    By reason of the foregoing unlawful acts of infringement, said Bristol Defendants have caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT II

(Trademark Infringement – Federal)

60.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "59" above, as if more particularly set forth at length herein.

61.    B&F's acts respecting the CHEFMASTER Trademarks and CHEFMASTER trade name have been committed for the unlawful purpose of obtaining the benefit of the good will and well-established reputation of Plaintiff and its products.

62.    Said acts constitute a willful infringement of Plaintiff's CHEFMASTER Trademarks and United States Registration Nos. 2252308 and 3136136 pertaining thereto in violation of the Lanham Act, 15 U.S.C. §1114.

63.    The harm to Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

64.    By reason of the foregoing unlawful acts of infringement, B&F has caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT III

(Trademark Infringement – Federal)

65.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" though "64" above, as if more particularly set forth at length herein.

66.    The Bristol Defendants' acts concerning CHEFMASTER have been committed for the unlawful purpose of obtaining the benefit of good will and well-established reputation of Plaintiff and its products, as symbolized by Plaintiff's CHEFMASTER Trademarks.

67.     The Bristol Defendants' acts have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

68.     The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

69.     By reason of the aforesaid unlawful acts of infringement, said Bristol Defendants have caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT IV

(Trademark Infringement – Federal)

70.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" though "69" above, as if more particularly set forth at length herein.

71.     B&F's acts concerning CHEFMASTER have been committed for the unlawful purpose of obtaining the benefit of good will and well-established reputation of Plaintiff and its products, as symbolized by Plaintiff's CHEFMASTER Trademarks.

72.     B&F's acts have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

73.     The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

74.     By reason of the aforesaid unlawful acts of infringement, B&F has caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful

conduct and be unjustly enriched unless enjoined by this Court.

## COUNT V

(Trade Dress Infringement – Federal)

75.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "74" as if more particularly set forth at length herein.

76.    The Bristol Defendants' use of Plaintiff's trade dress is likely to cause confusion as to the source of the goods provided.

77.    Said acts constitute a willful infringement of Plaintiff's trade dress under 15 U.S.C. § 1125(a).

78.    On information and belief, the Bristol Defendants will continue their infringement unless and until enjoined by this Court.

## COUNT VI

(Trade Dress Infringement – Federal)

79.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "78" as if more particularly set forth at length herein.

80.    B&F 's use of Plaintiff's trade dress is likely to cause confusion as to the source of the goods provided.

81.    Said acts constitute a willful infringement of Plaintiff's trade dress under 15 U.S.C. § 1125(a).

82.    On information and belief, B&F will continue its infringement unless and until enjoined by this Court.

## COUNT VII

(Trade Dress Infringement – Federal)

83.    Plaintiff repeats, reiterates and realleges each and every allegations set forth in paragraphs "1" through "82" as if more particularly set forth at length herein.

84.    The Bristol Defendants' acts concerning CHEFMASTER have been committed for the unlawful purpose of obtaining the benefit of good will and well-established reputation of Plaintiff and its products, as symbolized by Plaintiff's trade dress.

85.    The Bristol Defendants' acts have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

86.    The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

87.    By reason of the aforesaid unlawful acts of infringement, said Bristol Defendants have caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT VIII

(Trade Dress Infringement – Federal)

88.    Plaintiff repeats, reiterates and realleges each and every allegations set forth in paragraphs "1" through "87" as if more particularly set forth at length herein.

89.    B&F's acts concerning CHEFMASTER have been committed for the unlawful purpose of obtaining the benefit of good will and well-established reputation of Plaintiff and its products, as symbolized by Plaintiff's trade dress.

14

90.    B&F's acts have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

91.    The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

92.    By reason of the aforesaid unlawful acts of infringement, B&F has caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

**COUNT IX**

(Unfair Competition and Passing Off – Federal)

93.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "92" as if more particularly set forth at length herein.

94.    The Bristol Defendants' use of Plaintiff's CHEFMASTER Trademarks and CHEFMASTER passes off on Plaintiff's reputation and is likely to cause confusion as to the source of the goods provided.

95.    Said acts constitute federal unfair competition and passing off of Plaintiff's goods as the Bristol Defendants' own under 15 U.S.C. § 1125(a).

96.    On information and belief, the Bristol Defendants will continue their infringement unless and until enjoined by this Court.

**COUNT X**

(Unfair Competition and Passing Off – Federal)

97.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "96" as if more particularly set forth at length herein.

15

98.     B&F 's use of Plaintiff's CHEFMASTER Trademarks and CHEFMASTER passes off on Plaintiff's reputation and is likely to cause confusion as to the source of the goods provided.

99.     Said acts constitute federal unfair competition and passing off of Plaintiff's goods as B&F's own under 15 U.S.C. § 1125(a).

100.    On information and belief, B&F will continue its infringement unless and until enjoined by this Court.

## COUNT XI

### (Unfair Competition and Passing Off – Federal)

101.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "100" as if more particularly set forth at length herein.

102.    The Bristol Defendants' acts constitute federal unfair competition and passing off have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

103.    The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

104.    By reason of the aforesaid unlawful acts, said Bristol Defendants have caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT XII

### (Unfair Competition and Passing Off – Federal)

105.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs "1" through "104" as if more particularly set forth at length herein.

106. B&F's acts constitute federal unfair competition and passing off have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

107. The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

108. By reason of the aforesaid unlawful acts, B&F has caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court

## COUNT XIII

### (Dilution – Federal)

109. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "109" as if more particularly set forth at length herein.

110. The Bristol Defendants' use of Plaintiff's trade dress is likely to blur, and has blurred and tarnished, Plaintiff's trade dress.

111. Said acts constitute dilution of Plaintiff's famous trade dress under 15 U.S.C. § 1125(c).

112. On information and belief, the Bristol Defendants will continue their dilution of Plaintiff's trade dress unless and until enjoined by this Court.

## COUNT XIV

### (Dilution – Federal)

113. Plaintiff repeats, reiterates and realleges each and every allegation set forth in

17

paragraphs "1" through "112" as if more particularly set forth at length herein.

114.     B&F's use of Plaintiff's trade dress is likely to blur, and has blurred and tarnished, Plaintiff's trade dress.

115.     Said acts constitute dilution of Plaintiff's famous trade dress under 15 U.S.C. § 1125(c).

116.     On information and belief, B&F will continue its dilution of Plaintiff's trade dress unless and until enjoined by this Court.

## COUNT XV

### (Dilution -- Federal)

117.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "116" above, as if more particularly set forth at length herein.

118.     The Bristol Defendants' acts constituting dilution of Plaintiff's famous trade dress have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

119.     The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

120.     By reason of the aforesaid unlawful acts, said Bristol Defendants have caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT XVI

### (Dilution – Federal)

121.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs "1" through "120" above, as if more particularly set forth at length herein.

122.   B&F's acts constituting dilution of Plaintiff's famous trade dress have been knowing, deliberate and willful, justifying the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. §1117.

123.   The harm to the Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

124.   By reason of the aforesaid unlawful acts, B&F has caused and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT XVII

(Unfair Competition, Misappropriation of Trade Infringement – Common Law)

125.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "124" above, as if more particularly set forth at length herein.

126.   The aforementioned acts of Bristol Defendants respecting the Plaintiff's CHEFMASTER Trademarks and CHEFMASTER trade name constitute unfair competition, misappropriation and trade infringement of Plaintiff's common law rights as to the CHEFMASTER Trademarks and CHEFMASTER trade name.

127.   Said actions have been with the intent of injuring the Plaintiff and deceiving the public into believing that the Bristol Defendants' Infringing Products are offered by, sponsored by or affiliated with the Plaintiff.

128.   Said acts were committed with the intent to pass-off the Bristol Defendants' Infringing Products as the products of Plaintiff, and with the intent to deceive and defraud the

public.

129.     The harm to Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

130.     By reason of the aforesaid unlawful acts, the Bristol Defendants have caused and will continue to cause substantial and irreparable injury to Plaintiff and to the public and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

**COUNT XVIII**

(Unfair Competition, Misappropriation of Trade Infringement – Common Law)

131.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "130" above, as if more particularly set forth at length herein.

132.     The aforementioned acts of B&F respecting the Plaintiff's CHEFMASTER Trademarks and CHEFMASTER trade name constitute unfair competition, misappropriation and trade infringement of Plaintiff's common law rights as to the CHEFMASTER Trademarks and CHEFMASTER trade name.

133.     Said actions have been with the intent of injuring the Plaintiff and deceiving the public into believing that B&F's Infringing Products are offered by, sponsored by or affiliated with the Plaintiff.

134.     Said acts were committed with the intent to pass-off B&F's Infringing Products as the products of Plaintiff, and with the intent to deceive and defraud the public.

135.     The harm to Plaintiff resulting from these acts is irreparable and continuing and is not fully compensable by monetary damages.

136.     By reason of the aforesaid unlawful acts, B&F has caused and will continue to

20

cause substantial and irreparable injury to Plaintiff and to the public and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by this Court.

## **COUNT XIX**

### (Dilution – State)

137.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "136" above, as if more particularly set forth at length herein.

138.     The Bristol Defendants' actions respecting the Plaintiff's CHEFMASTER Trademarks, CHEFMASTER trade dress and CHEFMASTER trade name are likely to cause injury to the business reputation of Plaintiff or dilute the distinctive quality of Plaintiff's New York CHEFMASTER Trademark, CHEFMASTER trade dress and CHEFMASTER trade name, in violation of New York General Business Law §360-1.

139.     Said actions have been knowing, intentional and wanton.

140.     In addition, said actions have been committed with knowledge that use of the CHEFMASTER Trademarks, CHEFMASTER trade dress and CHEFMASTER trade name is intended to cause confusion or mistake or to deceive.

141.     Plaintiff has sustained and will continue to sustain damages in an amount which must be determined at trial and for which it is entitled to treble damages.

142.     By reason of the aforesaid unlawful acts of dilution, the Bristol Defendants have caused, and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and said Bristol Defendants have benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by the Court.

## COUNT XX

### (Dilution – State)

143.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "142" above, as if more particularly set forth at length herein.

144.    B&F's actions respecting the Plaintiff's CHEFMASTER Trademarks, CHEFMASTER trade dress and CHEFMASTER trade name are likely to cause injury to the business reputation of Plaintiff or dilute the distinctive quality of Plaintiff's New York CHEFMASTER Trademark, CHEFMASTER trade dress and CHEFMASTER trade name, in violation of New York General Business Law §360-1.

145.    Said actions have been knowing, intentional and wanton.

146.    In addition, said actions have been committed with knowledge that use of the CHEFMASTER Trademarks, CHEFMASTER trade dress and CHEFMASTER trade name is intended to cause confusion or mistake or to deceive.

147.    Plaintiff has sustained and will continue to sustain damages in an amount which must be determined at trial and for which it is entitled to treble damages.

148.    By reason of the aforesaid unlawful acts of dilution, B&F has caused, and will continue to cause substantial and irreparable damage and injury to Plaintiff and to the public, and B&F has benefited from said unlawful acts and will continue to carry out said unlawful conduct and be unjustly enriched unless enjoined by the Court.

## COUNT XXI

### (New York GBL §349)

149.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "148" above, as if more particularly set forth at length herein.

22

150. Said actions by the Bristol Defendants constitute deceptive acts or practices in the conduct of business, trade or commerce, in violation of New York General Business Law §349.

151. The Bristol Defendants' acts have been knowing, intentional and willful.

152. Plaintiff has suffered damages as a result of said Bristol Defendants' actions in an amount to be determined at trial and is entitled to treble damages therefore.

## COUNT XXII

### (New York GBL §349)

153. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "152" above, as if more particularly set forth at length herein.

154. Said actions by B&F constitute deceptive acts or practices in the conduct of business, trade or commerce, in violation of New York General Business Law §349.

155. B&F's acts have been knowing, intentional and willful.

156. Plaintiff has suffered damages as a result of B&F's actions in an amount to be determined at trial and is entitled to treble damages therefore.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

(a) On Counts I through XXII, awarding Plaintiff damages in an amount to be determined at trial which amount should be trebled, together with interest, as provided by law, attorneys' fees and costs;

(b) On Counts I through XXII:

    a. Issuance of a preliminary and permanent injunction against the Defendants and their officers, agents, servant, employees, and attorneys, and those persons acting in concert or with them;

        i. Restraining Defendants from using the CHEFMASTER Trademarks and CHEFMASTER trade dress, or any other colorable imitation, or confusingly similar variation of the aforementioned trademarks, or in any other manner which suggests in any way that Defendants and/or their products or equipment originate from, are affiliated with, or are sponsored,

authorized, approved or sanctioned by Plaintiff, or that Plaintiff and/or its services or activities are affiliated in any way with Defendants;

ii. Restraining Defendants from infringing the CHEFMASTER Trademarks and CHEFMASTER trade dress;

iii. Restraining Defendants from infringing Plaintiff's CHEFMASTER trade name;

iv. Restraining Defendants from engaging in acts of state or common law trademark infringement, common law trade dress infringement, unfair competition, or misappropriation which would damage or inure Plaintiff;

v. Restraining Defendants from diluting the CHEFMASTER Trademarks and CHEFMASTER trade dress;

vi. Restraining Defendants from violating New York General Business Law Sections 349 & 360-1; and

vii. Restraining Defendants from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

(c) Directing that all materials, advertisements, labels, tags, pamphlets, brochures, signs, sales literature, stationary, contracts, documents, materials, and the like in the possession or under the control of Defendants, and all, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct;

(d) Directing that all advertisements and all websites displaying and/or utilizing the CHEFMASTER Trademarks, CHEFMASTER trade dress and/or CHEFMASTER trade name be terminated;

(e) Directing that Defendants file with the Court and serve on counsel for Plaintiff within thirty (30) days after service on Defendants of such Order, or within such extended period as this Court may direct a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order;

(f) Compelling Defendants to account for their sales involving and/or including the Infringing Products;

(g) Awarding Plaintiff damages for Defendants' profits and/or royalties resulting from Defendants unlawful acts set forth herein, in an amount to be proven at

trial, together with legal interest from the date of accrual thereof;

(h) Awarding Plaintiff damages resulting from Defendants unlawful acts set forth herein, in an amount to be proven at trial, together with legal interest from the date of accrual thereof;

(i) Awarding Plaintiff treble damages as a result of Defendants' willful, wanton and deliberate acts;

(j) Awarding Plaintiff punitive damages in an amount to be proven at trial;

(k) Awarding Plaintiff costs of this civil action, together with Plaintiff's reasonable attorneys fees, both pursuant to 15 U.S.C. §§1116 and/or 1117; and

(l) Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R.Civ.P. 38(b), Plaintiff demands a trial by jury.

Dated: October 20, 2011
      Staten Island, New York

                    DECKER, DECKER, DITO & INTERNICOLA, LLP

                    By:     /Charles N. Internicola/
                            Charles N. Internicola, Esq. (CNI4059)
                            1610 Richmond Road
                            Staten Island, New York 10304
                            T: (718) 979-4300